Filed
09 June 24 P12:10
Gary Fitzsimmons
District Clerk
Dallas District
BERNITA JEFFERSON

CAUSE NO. DC-09-08017

| | | |
|---|---|---|
| F & F, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | L-193RD JUDICIAL DISTRICT |
| | § | |
| ULOFTS LUBBOCK, LLC. and | § | |
| LEONI PROPERTIES, INC, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff F & F, and files this its Original Petition complaining of and against Ulofts Lubbuck, LLC. and Leoni Properties, Inc. (collectively hereinafter the "Defendants"), and in support thereof would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. This matter is governed by Discovery Level 2 in accordance with Texas Rule of Civil Procedure 190.

### II.
### PARTIES

2. Plaintiff Friedman & Feiger, L.L.P. ("F & F") is a Texas limited liability partnership doing business in Dallas County, Texas.

3. Defendant ULofts Lubbock, LLC. is a Florida Limited Liability Company, that does business in Dallas County, Texas and may be served with citation by serving its

EXHIBIT A

registered agent: Capitol Corporate Services, Inc., at 800 Brazos, Suite 400, Austin, TX 78701, or wherever else she may be found.

4. Defendant Leoni Properties, Inc. is a Florida Corporation that does business in Dallas County, Texas and may be served with citation by serving its registered agent: Capitol Corporate Services, Inc., at 800 Brazos, Suite 400, Austin, TX 78701, or wherever else she may be found.



### III.
### JURISDICTION & VENUE

5. Jurisdiction is proper in this Court as the damages fall within the jurisdictional limits of this Court. Further, Defendants came to Dallas County, Texas to engage F&F, made several visits to F&F's offices in Dallas, Texas, communicated via email, mail and facsimile with F&F in Dallas, Texas, and attended mediation, arbitration hearings and depositions in Dallas, Texas.

6. Further, jurisdiction is proper in Texas because the real property made the subject of the lawsuit in which F&F was hired to represent Defendants is located in Lubbock County, Texas, and Defendants attended an arbitration proceeding in Lubbock County, Texas in that lawsuit.

7. Venue is proper in Dallas County, Texas, because it is the county in which all or part of the events or omissions which give rise to the claims set forth below occurred. TEX. CIV. PRAC. REM. CODE § 15.002.

8. Further, venue is proper in Dallas County, Texas, because the contract, made the basis of this suit, was to be performed in whole or substantial part in and was executed in Dallas County, Texas. TEX. CIV. PRAC. REM. CODE § 15.035.

## IV.

## BASIS OF SUIT

9. This is a suit brought by F & F to collect the balance owed from Defendants for legal services provided to Defendants at the specific request of Defendants.

## V.

## FACTS

10. On or about December 28, 2007 Defendants retained F & F in connection with various legal matters.

11. At that time, Defendants signed a fee agreement with F & F, memorializing a contract for legal services. A true and correct copy of the fee agreement is attached hereto as Exhibit "1".

12. On or about December 27, 2007, F & F began representing Defendants, at Defendants request, in connection with various legal matters. In fact, F & F obtained an arbitration award on behalf of the Defendants – yet Defendants have failed and refused to pay for services rendered. The total value of the services provided by F & F and still owing is $167,503.86. True and correct copies of each of F & F's invoice summaries for the legal services rendered to Defendants with respect to this action, are collectively attached hereto as Exhibit "2".

13. On several dates, including February 25, 2009, April 8, 2009, June 8, 2009 and June 23, 2009, a demand was made on Defendants in an attempt to collect the funds owed to F & F. To date, F & F has not received a response to its demands.

## VI.

## CLAIMS

### Count One -- Breach of Contract

14. Plaintiff incorporates and re-alleges the allegations set forth above.

15. On the dates set forth hereinabove, at the request of Defendants, Plaintiff provided legal services by representing the Defendants. At that time, Defendants agreed to pay Plaintiff the usual and customary charges for the services rendered.

16. To date, notwithstanding Plaintiff's numerous written and oral demands, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the services rendered.

17. As a result of Defendants breach of contract, Defendants have proximately caused actual damages to Plaintiff in the principal amount of $167.503.86, plus consequential damages, attorneys' fees and pre and post judgment interest as allowed by law.

### Count Two -- Sworn Account

18. Plaintiff incorporates and re-alleges the allegations set forth above.

19. On the dates set forth hereinabove, at the request of Defendants, Plaintiff provided legal services to Defendants. In consideration thereof, Defendants promised and became bound and liable to pay Plaintiff its usual and customary charges for such legal services.

20. Attached hereto as Exhibit "3", is the affidavit of Laura L. Tripp, Plaintiff's Collections Manager. The invoice summaries attached as Exhibit "2" are systematic records kept by Plaintiff in the regular course of business, and reflect Plaintiff's charges for

such legal services.

21. Despite written demand on Defendants, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for services rendered.

22. As a result of Defendants failure and refusal to pay such account, Defendants have proximately caused actual damages to Plaintiff in the principal amount of $167,503.86, plus consequential damages, attorneys' fees and pre and post judgment interest as allowed by law.

**Count Three -- Quantum Meruit**

23. Plaintiff incorporates and re-alleges the allegations set forth above.

24. Pleading in the alternative, if such be necessary, the legal services furnished to Defendants were provided under such circumstances that Defendants knew that Plaintiff, in performing legal services, expected to be paid Plaintiff's usual and customary charges for such services. The legal services provided to Defendants were for the benefit of Defendants. Defendants would be unjustly enriched, and Plaintiff unjustly penalized, if Defendant s were allowed to retain the benefits of such services without paying for them.

25. As a result of Defendants failure and refusal to pay for the legal services rendered, Defendants have proximately caused actual damages to Plaintiff in the principal amount of $167,503.86, plus consequential damages, attorneys' fees and pre and post judgment interest as allowed by law.

**Count Four -- Attorney's Fees**

26. Plaintiff incorporates and re-alleges the allegations set forth above.

27. In accordance with Tex. Civ. Prac. & Rem. Code § 38.01 *et seq.*, Plaintiff is entitled to recover its reasonable attorney's fees incurred in prosecuting this action. Plaintiff presented the above-described claim to Defendants more than thirty (30) days before filing this action. At the time of filing this Petition, payment for the just amount owed has not been tendered by Defendants.

28. As a result of Defendants failure and refusal to pay the claims, Plaintiff has been required to obtain legal counsel to bring this suit. Plaintiff is, therefore, entitled to recover an additional sum to compensate for the reasonable attorney's fees incurred in bringing this suit, with further and subsequent awards of attorney's fees in the event of appeals from this Court.

## VII.

## CONDITIONS PRECEDENT

29. All conditions precedent necessary for Plaintiff to have and recover in this action have been performed or have occurred. Specifically, Plaintiff performed the services as set forth herein, set Defendants invoices and made demand for payment of same.

## VIII.

## REQUESTS FOR DISCLOSURE

30. Please take notice that pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is hereby requested to disclose the information or material described below, within the time required by Texas Rule of Civil Procedure 194.3(a):

(a.) The correct names of the parties to this lawsuit;

(b.) The name, address and telephone number of any potential parties;

(c.) The legal theories and, in general, the factual bases of the responding party's claims or defenses;

(d.) The amount and any method of calculating economic damages;

(e.) The name, address and telephone number of persons having knowledge of relevant facts, along with a brief statement of each identified person's connection with the case;

(f.) For any testifying experts:

    (1) The expert's name, address and telephone number;

    (2) The subject matter on which the expert will testify;

    (3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, the documents reflecting such information;

    (4) If the expert is retained by, employed by, or otherwise subject to your control:

        (A.) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and,

        (B.) The expert's current resume and bibliography;

(g.) Any discoverable indemnity and insuring agreements;

(h.) Any discoverable settlement agreements; and,

(i.) Any discoverable witness statements.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, F & F respectfully requests that citation issue and process be served on Defendants Ulofts Lubbuck, LLC. and Leoni Properties, Inc. and that, upon final hearing, F & F have and recover judgment from and against the Defendants Ulofts Lubbuck, LLC. and Leoni Properties, Inc. in the amounts set forth above, for reasonable attorney's fees incurred by F &F in prosecuting this action, for costs and expenses of suit herein, for pre-judgment and post-judgment interest on all monetary relief sought herein at the highest rates allowed by law, and for such other and further relief to which F & F may be justly entitled.

Respectfully submitted,

FRIEDMAN & FEIGER, L.L.P.

By: _____
Lawrence W. Bailey
State Bar No. 01530490
**Jason Friedman**
State Bar No. 24059784

5301 Spring Valley Road
Suite 200
Dallas, Texas  75254
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)

**ATTORNEYS FOR PLAINTIFF**



Margaret H. Apgar
Eugene Barash ****
Carter Boisvert
Gary E. Day
Chad P. DeArman
LeAnn W. Diamond *
Michael D. Donohue
Robert E. Feiger
Jason H. Friedman
Lawrence J. Friedman
Michael L. Gaubert

Bart F. Higgins ***
Shauna A. Izadi
Melissa R. Kingston
James Robert Krause
Ernest Leonard
Ryan K. Lurich
Joy H. Phillips
Marla S. Pittman **
Steven R. Shaver
R. Brian Shields

**PRIVILEGED & CONFIDENTIAL:
ATTORNEY-CLIENT COMMUNICATION**

December 28, 2007

Mr. Steven Leoni
Ulofts Lubbock, L.L.C.
P.O. Box 2535
Tallahassee, Florida 32316

Re:   Friedman & Feiger, L.L.P. Engagement Letter

Dear Mr. Leoni:

This letter will acknowledge your agreement to engage Friedman & Feiger, L.L.P., for the purpose of representing Ulofts Lubbock, L.L.C. regarding its claims and defenses against Cage Construction & Management, Co. and SBM Archtitects.

FRIEDMAN & FEIGER, L.L.P.
5301 Spring Valley Road, Suite 200 • Dallas, Texas 75254 • Tel 972-788-1400 • Fax 972-788-2667
Internet Address: www.fflawoffice.com
* Board Certified-Civil Trial Law-Texas Board of Legal Specialization
** Board Certified-Personal Injury Trial Law-Texas Board of Legal Specialization
*** Licensed in Virginia, Illinois and Washington, D.C.
**** Licensed only in Illinois

EXHIBIT 1

Mr. Steven Leoni
Ulofts Lubbock, L.L.C.
December 28, 2007
Page 2 of 3

Best personal regards.

Mr. Steven Leoni
Ulofts Lubbock, L.L.C.
December 28, 2007
Page 3 of 3

Yours very truly,

FRIEDMAN & FEIGER, L.L.P.

Melissa R. Kingston
For the Firm

ACCEPTED AND AGREED TO:

_____
Steven Leoni, Governing Person for
Ulofts Lubbock, L.L.C.

Date: December __29__, 2007

**FRIEDMAN & FEIGER, LLP**
Attorneys at Law
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
972-788-1400

06/24/2009

ULofts Lubbock, LLC
Attn: Steven Leoni
PO Box 2535
Tallahassee, FL 32316

Client Number:       7491
Last Payment Date:   04/17/2009

## PAYMENT DUE AT THIS TIME

Our records indicate that the following invoices are unpaid on your Matter:   General
Billing Attorney      Kingston, Melissa R.

| MATTER | INVOICE # | INVOICE DATE | INVOICE AMOUNT | BALANCE DUE |
|---|---|---|---|---|
| 00001 | 68953 | 02/23/2009 | 14,293.68 | $14,277.00 |
| 00001 | 69657 | 03/24/2009 | 9,981.59 | $9,810.00 |
| 00001 | 70209 | 04/20/2009 | 821.62 | $821.62 |
| 00001 | 70820 | 05/26/2009 | 1,879.36 | $1,879.36 |
| 00001 | 71338 | 06/23/2009 | 163.52 | $163.52 |
| | | Balance due on this matter | | $26,951.50 |

**INVOICES ARE DUE ON RECEIPT. CLIENT ACCOUNTS ARE REQUIRED TO BE PAID IN FULL BY THE 10TH OF EACH MONTH. IF PAYMENT HAS BEEN MADE OF THE FULL BALANCE NOTED ABOVE, PLEASE ACCEPT OUR THANKS. WE ACCEPT ALL MAJOR CREDIT CARDS. QUESTIONS CAN BE DIRECTED TO LAURA TRIPP, 972-450-7307. THANK YOU!**

AUTHORIZATION OF CREDIT CARD TRANSACTION

**AMT OF PAYMENT:**  $ _____   **EXPIRATION DATE:** _____ (MM/YYYY)

**CREDIT CARD NUMBER:** # _____

**CARDHOLDER SIGNATURE:** _____



EXHIBIT 2

FRIEDMAN & FEIGER, LLP
Attorneys at Law
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
972-788-1400

06/24/2009

ULofts Lubbock, LLC
Attn: Steven Leoni
PO Box 2535
Tallahassee, FL 32316

Client Number:      7491
Last Payment Date:  06/02/2009

## PAYMENT DUE AT THIS TIME

Our records indicate that the following invoices are unpaid on your Matter:   Cage Construction, et al

Billing Attorney      Kingston, Melissa R.

| MATTER | INVOICE # | INVOICE DATE | INVOICE AMOUNT | BALANCE DUE |
|--------|-----------|--------------|----------------|-------------|
| 00002  | 69361     | 02/25/2009   | 142,018.45     | $70,595.52  |
| 00002  | 69658     | 03/24/2009   | 6,721.31       | $4,731.50   |
| 00002  | 70210     | 04/20/2009   | 17,247.63      | $16,896.95  |
| 00002  | 70821     | 05/26/2009   | 15,847.98      | $15,847.98  |
| 00002  | 71339     | 06/23/2009   | 12,149.38      | $12,149.38  |
| 00002  | 71424     | 06/24/2009   | 20,331.03      | $20,331.03  |
|        |           |              | Balance due on this matter | $140,552.36 |

**INVOICES ARE DUE ON RECEIPT. CLIENT ACCOUNTS ARE REQUIRED TO BE PAID IN FULL BY THE 10TH OF EACH MONTH. IF PAYMENT HAS BEEN MADE OF THE FULL BALANCE NOTED ABOVE, PLEASE ACCEPT OUR THANKS. WE ACCEPT ALL MAJOR CREDIT CARDS. QUESTIONS CAN BE DIRECTED TO LAURA TRIPP, 972-450-7307. THANK YOU!**

AUTHORIZATION OF CREDIT CARD TRANSACTION

AMT OF PAYMENT:   $ _____      EXPIRATION DATE: _____  (MM/YYYY)

CREDIT CARD NUMBER: # _____

CARDHOLDER SIGNATURE: _____

## AFFIDAVIT OF LAURA L. TRIPP

STATE OF TEXAS § 
§ 
COUNTY OF DALLAS §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Laura L. Tripp, who having been by me first duly sworn according to law, upon her oath deposed and stated as follows:

1. My name is Laura L. Tripp. I am over 18 years of age. I am of sound mind, have never been convicted of a crime involving moral turpitude, and I am fully competent to make this Affidavit. The statements contained in this Affidavit are true and correct.

2. I am the Collections Manager and the custodian of records of Friedman & Feiger, L.L.P. Attached as Exhibit "3" to Plaintiff's Original Petition are 2 pages of records from Friedman & Feiger, L.L.P. These said 2 pages of records are kept by Friedman & Feiger, L.L.P., in the regular course of business, and it was the regular course of business of Friedman & Feiger, L.L.P., for an employee or representative of Friedman & Feiger, L.L.P., with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_____
Laura L. Tripp

SUBSCRIBED AND SWORN BEFORE ME on this 24th day of June, 2009, to certify which witness my hand and official seal.

TRACY L. KEMPPA
MY COMMISSION EXPIRES
October 8, 2012

_____
Notary Public in and for the State of Texas

EXHIBIT
3

AFFIDAVIT OF LAURA L. TRIPP                                                    SOLO PAGE