CAUSE NO. DC-09-08017-L

| | | |
|---|---|---|
| FRIEDMAN & FEIGER, L.L.P., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 193RD JUDICIAL DISTRICT |
| | § | |
| ULFOTS LUBBOCK, LLC. and | § | |
| LEONI PROPERTIES, INC, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## LEONI PROPERTIES, INC.'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

LEONI PROPERTIES, INC. ("LEONI") files this, its Original Answer, and states as follows:

### General Denial

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, LEONI generally denies each and every, all and singular, the allegations contained in Plaintiff Friedman & Feiger, L.L.P.'s ("FRIEDMAN") Original Petition and demands strict proof thereof.

### Affirmative Defenses

2. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, LEONI affirmatively pleads the following defenses:

    (a) Contributory negligence, in that acts or omissions of FRIEDMAN materially contributed to FRIEDMAN's damages;

    (b) Duress, in that any alleged action or lack thereof on the part of LEONI toward FRIEDMAN was in response to immediate injury inflicted upon LEONI by FRIEDMAN;

    (c) Estoppel, in that principles of equity prevent FRIEDMAN from asserting its claims;

(d) Failure of consideration, in that LEONI did not receive what it bargained for with regard to any alleged transactions with FRIEDMAN;

(e) Fraud, in that FRIEDMAN knowingly and willingly deceived LEONI for its own gain;

(f) Illegality, in that actions taken by FRIEDMAN breached the legal standard of ethical duty required by the circumstances and that FRIEDMAN cannot in good faith assert its claims;

(g) Payment, in that FRIEDMAN is owed no further compensation for services allegedly rendered;

(h) Release, in that the actions of FRIEDMAN released LEONI from any further financial obligation;

(i) Waiver, in that actions of FRIEDMAN bar it from asserting any claims arising under an alleged written agreement between the parties;

(j) The parol evidence rule, in that FRIEDMAN may not rely on alleged oral assertions to alter the meaning of any alleged agreement between the parties;

(k) The alleged damages are not available under the causes of action alleged, in that FRIEDMAN has not demonstrated that it has been harmed by LEONI or that it is entitled to recovery;

(l) The alleged damages were caused by the acts or omissions of FRIEDMAN, in that LEONI is not responsible for any harm FRIEDMAN may have sustained as a result of FRIEDMAN's own negligence;

(m) The alleged damages are not reasonable and/or necessary, in that LEONI is not responsible for any alleged harm sustained by FRIEDMAN;

(n) The claims of FRIEDMAN against LEONI are not ripe or justiciable, in that LEONI has not harmed FRIEDMAN in any way; and

(o) The damages alleged by FRIEDMAN against LEONI are not fair and reasonable and/or were for not legal services provided to LEONI at its request.

### Additional Defenses

3. LEONI also sets forth the following defenses: failure to mitigate alleged damages or losses, and contributory negligence.

### Verified Denials

4. FRIEDMAN is precluded from asserting some or all of its claims and/or obtaining some or all of the relief requested against LEONI because there was a partial or total failure of consideration by FRIEDMAN; furthermore, the charges allegedly incurred were not reasonable or customary for the services performed, that some of the alleged services provided were not for LEONI's benefit or were not requested by LEONI and that FRIEDMAN is not entitled to the full amount, if any, of the damages it claims.

### Conditions Precedent

5. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, LEONI specifically and with particularity denies that "all conditions precedent have been performed or have occurred." At a minimum, the following conditions precedent have not been performed or have not occurred: the existence of a specific contract for legal services between FRIEDMAN and LEONI covering the services in question; the failure or refusal of LEONI to pay for any services received within a reasonable amount of time; the performance of a contractual obligation by FRIEDMAN; a demand for payment from LEONI by FRIEDMAN and a corresponding reasonable period of time in which to object or tender payment; the showing of actual damages by FRIEDMAN; the mitigation of any

damages by FRIEDMAN; the breach of a contract by LEONI; the provision of services to LEONI by FRIEDMAN; the existence of just and true charges; the existence of an unpaid account by LEONI to FRIEDMAN; the existence of a sworn account by LEONI to FRIEDMAN; the existence of valid consideration sufficient to contractually obligate LEONI to FRIEDMAN; the receipt of a benefit by LEONI from any services performed by FRIEDMAN; the unjust enrichment of LEONI by FRIEDMAN; the performance of competent legal services by FRIEDMAN for LEONI; the assistance of FRIEDMAN in recovering fees owed to LEONI; and the act of reducing the arbitration award to a final judgment.

## Request for Disclosure

6.  Pursuant to Texas Rule of Civil Procedure 194, FRIEDMAN is requested to disclose, within 30 days of the service of this request, the information or material described in Rule 194.2:

   (a) The correct names of the parties to the lawsuit;

   (b) The name, address, and telephone number of any potential parties;

   (c) The legal theories and, in general, the factual basis of the responding party's claims or defenses;

   (d) The amount and any method of calculating economic damages;

   (e) The name, address and telephone number of persons having knowledge of relevant facts, along with a brief statement of each identified person's connection with the case;

   (f) For any testifying experts:

   (1) The expert's name, address and telephone number;

   (2) The subject matter on which the expert will testify;

(3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, the documents reflecting such information;

(4) If the expert is retained by, employed by, or otherwise subject to your control:

(A) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and,

(B) The expert's current resume and bibliography;

(g) Any discoverable indemnity and insuring agreements;

(h) Any discoverable settlement agreements; and

(i) Any discoverable witness statements

### Demand for Jury Trial

7. Leoni Properties, Inc. asserts its rights under Article Five, Section One of the Texas Constitution and demands, in accordance with Texas Rule of Civil Procedure 216, a trial by jury on all issues.

### Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant, Leoni Properties, Inc. requests that the Court render judgment that Plaintiffs take nothing in this suit, dismiss Plaintiffs' suit with prejudice, and award Leoni Properties, Inc. any such other and further relief to which it may be justly entitled.

Respectfully submitted,

LANGLEY WEINSTEIN HAMEL LLP

By: /s/ _____
Keith A. Langley        State Bar No. 11919500
Brigham A. McCown   State Bar No. 24037061
901 Main Street, Suite 600
Dallas, Texas 75202
214-722-7160
214-722-7161 (Facsimile)

**ATTORNEYS FOR LEONI PROPERTIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following in accordance with the Texas Rules of Civil Procedure on this the 24th day of July, 2009:

Lawrence W. Bailey
FRIEDMAN & FEIGER, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254

/s/ _____
One of Counsel

## VERIFICATION

STATE OF FLORIDA        §
                                      §

COUNTY OF LEON       §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Joseph Jones, and upon his oath stated that he has read the foregoing Verified Denials in the foregoing Answer and that he has personal knowledge of those facts, and that the facts stated therein are true and correct.

_____ By JPJ AIF
Steven Leoni

SUBSCRIBED AND SWORN BEFORE ME on this 24 day of July, 2009, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Florida

CAUSE NO. DC-09-08017-L

| | | |
|---|---|---|
| FRIEDMAN & FEIGER, L.L.P., | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | 193RD JUDICIAL DISTRICT |
| ULFOTS LUBBOCK, LLC. and LEONI PROPERTIES, INC, | § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

### ULOFTS LUBBOCK, LLC.'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

ULofts Lubbock, LLC. ("ULOFTS") files this, its Original Answer, and states as follows:

### General Denial

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ULOFTS generally denies each and every, all and singular, the allegations contained in Plaintiff Friedman & Feiger, L.L.P.'s ("FRIEDMAN") Original Petition and demands strict proof thereof.

### Affirmative Defenses

2. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, ULOFTS affirmatively pleads the following defenses:

   (a) Contributory negligence, in that acts or omissions of FRIEDMAN materially contributed to FRIEDMAN's damages;

   (b) Duress, in that any alleged action or lack thereof on the part of ULOFTS toward FRIEDMAN was in response to immediate injury inflicted upon ULOFTS by FRIEDMAN;

   (c) Estoppel, in that principles of equity prevent FRIEDMAN from asserting its claims;

(d) Failure of consideration, in that ULOFTS did not receive what it bargained for with regard to any alleged transactions with FRIEDMAN;

(e) Fraud, in that FRIEDMAN knowingly and willingly deceived ULOFTS for its own gain;

(f) Illegality, in that actions taken by FRIEDMAN breached the legal standard of ethical duty required by the circumstances and that FRIEDMAN cannot in good faith assert its claims;

(g) Payment, in that FRIEDMAN is owed no further compensation for services allegedly rendered;

(h) Release, in that the actions of FRIEDMAN released ULOFTS from any further financial obligation;

(i) Waiver, in that actions of FRIEDMAN bar it from asserting any claims arising under an alleged written agreement between the parties;

(j) The parol evidence rule, in that FRIEDMAN may not rely on alleged oral assertions to alter the meaning of any alleged agreement between the parties;

(k) The alleged damages are not available under the causes of action alleged, in that FRIEDMAN has not demonstrated that it has been harmed by ULOFTS or that it is entitled to recovery;

(l) The alleged damages were caused by the acts or omissions of FRIEDMAN, in that ULOFTS is not responsible for any harm FRIEDMAN may have sustained as a result of FRIEDMAN's own negligence;

(m) The alleged damages are not reasonable and/or necessary, in that ULOFTS is not responsible for any alleged harm sustained by FRIEDMAN;

(n) The claims of FRIEDMAN against ULOFTS are not ripe or justiciable, in that ULOFTS has not harmed FRIEDMAN in any way; and

(o) The damages alleged by FRIEDMAN against ULOFTS are not fair and reasonable and/or were not for legal services provided to ULOFTS at its request.

### Additional Defenses

3. ULOFTS also sets forth the following defenses: failure to mitigate alleged damages or losses, and contributory negligence.

### Verified Denials

4. FRIEDMAN is precluded from asserting some or all of its claims and/or obtaining some or all of the relief requested against ULOFTS because there was a partial or total failure of consideration by FRIEDMAN; furthermore, the charges allegedly incurred were not reasonable or customary for the services performed, that some of the alleged services provided were not for ULFOTS' benefit or were not requested by ULOFTS and that FRIEDMAN is not entitled to the full amount, if any, of the damages it claims.

### Conditions Precedent

5. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, ULOFTS specifically and with particularity denies that "all conditions precedent have been performed or have occurred." At a minimum, the following conditions precedent have not been performed or have not occurred: the existence of a specific contract for legal services between FRIEDMAN and ULOFTS covering the services in question; the failure or refusal of ULOFTS to pay for any services received within a reasonable amount of time; the performance of a contractual obligation by FRIEDMAN; a demand for payment from ULOFTS by FRIEDMAN and a corresponding reasonable period of time in which to object or tender payment; the showing of actual damages by FRIEDMAN; the mitigation of any

damages by FRIEDMAN; the breach of a contract by ULOFTS; the provision of services to ULOFTS by FRIEDMAN; the existence of just and true charges; the existence of an unpaid account by ULOFTS to FRIEDMAN; the existence of a sworn account by ULOFTS to FRIEDMAN; the existence of valid consideration sufficient to contractually obligate ULOFTS to FRIEDMAN; the receipt of a benefit by ULOFTS from any services performed by FRIEDMAN; the unjust enrichment of ULOFTS by FRIEDMAN; the performance of competent legal services by FRIEDMAN for ULOFTS; the assistance of FRIEDMAN in recovering fees owed to ULOFTS; and the act of reducing the arbitration award to a final judgment.

### Request for Disclosure

6. Pursuant to Texas Rule of Civil Procedure 194, FRIEDMAN is requested to disclose, within 30 days of the service of this request, the information or material described in Rule 194.2:

   (a) The correct names of the parties to the lawsuit;

   (b) The name, address, and telephone number of any potential parties;

   (c) The legal theories and, in general, the factual basis of the responding party's claims or defenses;

   (d) The amount and any method of calculating economic damages;

   (e) The name, address and telephone number of persons having knowledge of relevant facts, along with a brief statement of each identified person's connection with the case;

   (f) For any testifying experts:

      (1) The expert's name, address and telephone number;

      (2) The subject matter on which the expert will testify;

(3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, the documents reflecting such information;

(4) If the expert is retained by, employed by, or otherwise subject to your control:

(A) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and,

(B) The expert's current resume and bibliography;

(g) Any discoverable indemnity and insuring agreements;

(h) Any discoverable settlement agreements; and

(i) Any discoverable witness statements

## Demand for Jury Trial

7.     ULofts Lubbock, L.L.C., asserts its rights under Article Five, Section One of the Texas Constitution and demands, in accordance with Texas Rule of Civil Procedure 216, a trial by jury on all issues.

## Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant, ULofts Lubbock, L.L.C. requests that the Court render judgment that Plaintiffs take nothing in this suit, dismiss Plaintiffs' suit with prejudice, and award ULofts Lubbock, L.L.C. any such other and further relief to which it may be justly entitled.

Respectfully submitted,

**LANGLEY WEINSTEIN HAMEL LLP**

By: _____
Keith A. Langley    State Bar No. 11919500
Brigham A. McCown   State Bar No. 24037061
901 Main Street, Suite 600
Dallas, Texas 75202
214-722-7160
214-722-7161 (Facsimile)

**ATTORNEYS FOR ULOFTS LUBBOCK, LLC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following in accordance with the Texas Rules of Civil Procedure on this the ___ day of July, 2009:

Lawrence W. Bailey
FRIEDMAN & FEIGER, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254

_____
One of Counsel

## VERIFICATION

STATE OF FLORIDA            §
                            §
COUNTY OF LEON              §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Joseph Jones, and upon his oath stated that he has read the foregoing Verified Denials in the foregoing Answer and that he has personal knowledge of those facts, and that the facts stated therein are true and correct.

_____ By JFJ ACF
Steven Leoni

SUBSCRIBED AND SWORN BEFORE ME on this 24 day of July, 2009, to certify which witness my hand and official seal.

_____
Jennifer Pearce
Notary Public in and for the State of Florida



---