IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRIEDMAN & FEIGER, L.L.P., | § | |
| Plaintiff, | § | CIVIL ACTION No. 3:09-CV-1384 |
| vs. | § | |
| ULOFTS LUBBOCK, LLC and LEONI PROPERTIES, INC., | § | **JURY TRIAL DEMANDED** |
| Defendants/Counter-Plaintiff, | § | |
| vs. | § | |
| FRIEDMAN & FEIGER, L.L.P., ERNEST W. LEONARD, and MELISSA R. KINGSTON, | § | |
| Counter-Defendants, | § | |

### **ULOFTS LUBBOCK, LLC and LEONI PROPERTIES, INC.'s FIRST AMENDED ANSWER & ORIGINAL COUNTERCLAIM**

Defendant, ULofts Lubbock, LLC and Leoni Properties, Inc. (collectively, "ULOFTS") files this, its First Amended Answer & Original Counterclaim, to Plaintiff/Counter-Defendant Friedman & Feiger, L.L.P. ("F & F")'s Original Petition, and respectfully states as follows:

### **Admissions & Denials**

1. ULOFTS denies the allegations in paragraph 1.

2. ULOFTS is without sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 2; thus it specifically denies the allegations contained in paragraph 2.

3. ULOFTS admits the allegations in paragraph 3 to the extent that it is a Florida Limited Liability Company and to the extent Capitol Corporate Services, Inc. is its registered agent, but specifically denies the remaining allegations contained in paragraph 3.

4. ULOFTS admits the allegations in paragraph 4 to the extent that Leoni Properties, Inc. is a Florida Limited Liability Company and to the extent Capitol Corporate Services, Inc. is its registered agent, but specifically denies the remaining allegations contained in paragraph 4.

5. ULOFTS admits the allegations in paragraph 5 to the extent it retained Dallas, Texas counsel for the purposes of pursuing various claims in state court pending in Lubbock, Texas, but specifically denies the remaining allegations contained in paragraph 5.

6. ULOFTS admits the subject property is located in Lubbock County, Texas and that an arbitration proceeding was held in Lubbock County, Texas, but specifically denies the remaining allegations contained in paragraph 6.

7. ULOFTS denies the allegations in paragraph 7.

8. ULOFTS denies the allegations in paragraph 8.

9. ULOFTS denies the allegations in paragraph 9.

10. ULOFTS admits it retained F & F to perform legal services with respect to a specific construction project in Lubbock County, Texas, but specifically denies the remaining allegations contained in paragraph 10.

11. ULOFTS admits it retained F & F to perform legal services with respect to a specific construction project in Lubbock County, Texas, but specifically denies the remaining allegations contained in paragraph 11.

12. ULOFTS denies the allegations in paragraph 12.

13. ULOFTS denies the allegations in paragraph 13.

14. ULOFTS reincorporates its previous answers with respect to paragraphs 1-13 above.

15. ULOFTS denies the allegations in paragraph 15.

16. ULOFTS denies the allegations in paragraph 16.

17. ULOFTS denies the allegations in paragraph 17.

18. ULOFTS reincorporates its previous answers with respect to paragraphs 1-17 above.

19. ULOFTS denies the allegations in paragraph 19.

20. ULOFTS is without sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 20; thus, it specifically denies the allegations contained in paragraph 20.

21. ULOFTS denies the allegations in paragraph 21.

22. ULOFTS reincorporates its previous answers with respect to paragraphs 1-22 above.

23. ULOFTS denies the allegations in paragraph 23.

24. ULOFTS denies the allegations in paragraph 24.

25. ULOFTS denies the allegations in paragraph 25.

26. ULOFTS reincorporates its previous answers with respect to paragraphs 1-25 above.

27. ULOFTS denies the allegations in paragraph 27.

28. ULOFTS denies the allegations in paragraph 28.

29. ULOFTS denies the allegations in paragraph 29.

30. ULOFTS denies the allegations in paragraph 30.

## **Affirmative Defenses**

31. In light of the actions and/or omissions by F & F and its attorneys and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, ULOFTS pleads the affirmative defenses of accord and satisfaction; estoppel; failure of consideration; payment; release; and waiver.

## **Counterclaim**

32. Separately from the foregoing answer, defendant, ULOFTS, as counter-plaintiff, complains of F & F, Ernest W. Leonard, and Melissa R. Kingston, as counter-defendants, and for cause of action alleges the following by way of counterclaim.

33. F & F, as counter-defendant, is a Limited Liability Partnership and has already appeared in this litigation.

34. Ernest W. Leonard, is an individual resident of the State of Texas and may be served with process at his business address located at 5301 Spring Valley Rd, Suite 200, Dallas Texas 75254.

35. Melissa R. Kingston, is an individual resident of the State of Texas and may be served with process at her business address located at 5301 Spring Valley Rd, Suite 200, Dallas Texas 75254.

36. For purposes of this counterclaim, Ernest W. Leonard and Melissa R. Kingston will be collectively referred to as Counsel. Counsel were responsible for the provision of legal services to ULOFTS.

## Jurisdiction

37. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiff/counter-defendants and the defendant/counter-plaintiff are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## Count One- Legal Malpractice

38. F & F and/or Counsel represented ULOFTS in an arbitration involving a construction dispute. On May 8, 2009, the arbitrator found that F & F and/or Counsel had presented õno evidence of the reasonable cost of completionö during the arbitration proceeding, preventing ULOFTS from recovering any contractual damages. *See* Exhibit A, *Final Award of Arbitrator* at 9-10. Under the circumstances of providing representation in the construction arbitration, F & F and/or Counsel were negligent by not exercising the appropriate degree of care, skill, and diligence.

**FIST AMENDED ANSWER & ORIGINAL COUNTERCLAIM OF ULOFTS LUBBOCK, LLC** Page 4
S:\OPEN CLIENTS\10104 ULOFTS\0004 - FRIEDMAN\PLEADINGS\FIRST AMENDED ANSWER AND COUNTERCLAIM-ULOFTS V4.DOCX

39. The representation by F & F and/or Counsel in the arbitration constituted legal malpractice. Further, F & F's and/or Counsel's representation of ULOFTS in other related matters, including but not limited to lawsuits involving 84 Lumber Company, LP, Cage Construction and Management Co., BFI Waste Service of Texas, Inc., and Quality Ironworks, Inc., constituted legal malpractice.

40. F & F's and/or Counsel's legal malpractice has caused and continues to cause ULOFTS damages, including attorneys' fees and costs associated with this action.

41. The omissions and/or acts of F & F and/or Counsel should further result in a forfeiture of all fees asserted and/or previously received by F & F.

## Conditions Precedent

42. Pursuant to Rule 9(c) of the Federal Rules of Civil Procedure, ULOFTS specifically and with particularity denies that "all conditions precedent have been performed or have occurred." At a minimum, the following conditions precedent have not been performed or have not occurred: appropriate performance by F & F; adherence to an appropriate standard of care by F & F; reasonableness of the amounts sought; prior material default by F & F; failure of consideration; the receipt of a proper benefit by ULOFTS from any services performed by F & F; the performance of competent legal services by F & F for ULOFTS.

## Demand for Jury Trial

43. ULofts Lubbock, LLC, asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant, ULOFTS requests that the Court render judgment that F & F take nothing in this suit, dismiss F & F's suit with prejudice,

award attorneys' fees and assess costs against F & F, render judgment for ULOFTS against F & F and Counsel for damages, attorney's fees and interest, and award ULOFTS any such other and further relief to which it may be justly entitled.

                              Respectfully submitted,

                              **LANGLEY WEINSTEIN HAMEL LLP**

                              By: /s/ Keith A. Langley
                                 Keith A. Langley
                                 State Bar No. 11919500
                                 Brigham A. McCown
                                 State Bar No. 24037061
                                 901 Main Street, Suite 600
                                 Dallas, Texas 75202
                                 214-722-7160
                                 214-722-7161 (Facsimile)

                            **ATTORNEYS FOR ULOFTS LUBBOCK, LLC AND LEONI PROPERTIES, INC.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing was served upon the following counsel of record in the manner indicated below on the 12th day of August, 2009:

*Via Facsimile 972-788-2667*
Lawrence W. Bailey
Jason Friedman
FRIEDMAN & FEIGER, L.L.P.
5301 Spring Valley Road
Suite 200
Dallas, Texas 75254
Counsel for FRIEDMAN & FEIGER, L.L.P.

      /s/ Keith A. Langley
      Keith A. Langley