IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRIEDMAN & FEIGER, L.L.P.,           §
                                      §
                    Plaintiff,        §
                                      §  Civil Action No. 3:09-CV-1384-D
VS.                                   §
                                      §
ULOFTS LUBBOCK, LLC, et al.,          §
                                      §
                    Defendants.       §

MEMORANDUM OPINION
AND ORDER

The September 25, 2009 motion to strike of counterplaintiffs ULofts Lubbock, LLC and Leoni Properties Inc. is denied.[1]

The answer of Friedman & Feiger, L.L.P. ("Friedman") to counterplaintiffs' counterclaim was due on September 4, 2009, but Friedman did not file the answer until September 16, 2009.  Under Fed. R. Civ. P. 6(b)(1)(B), the court can extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."  In *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, 2008 WL 898772 (N.D. Tex. Mar. 31, 2008) (Fitzwater, C.J.), the court addressed under Rule 6(b)(1)(B) an extension of time to file a responsive pleading that was due on January 9, 2008 and that was not filed until January 28, 2008, 19

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

days late. *Id.* at *1. The court held that because defendant John Henning ("Henning") attempted to file a responsive pleading after the deadline had already expired, it was necessary that he file a motion showing excusable neglect and obtain leave of court. *Id.* Because he filed his responsive pleading without first obtaining leave of court, plaintiff was entitled to have Henning's answer stricken. *Id.* at *2. But because Henning's response brief to plaintiff's motion to strike addressed the Rule 6(b)(1)(B) factors, the court construed the brief as a motion to file an untimely answer under Rule 6(b)(1)(B), and it granted the motion. *Id.* In the present case, the court can likewise treat Friedman's response to counterplaintiffs' motion to strike as an extension motion under Rule 6(b)(1)(B).[2]

As the court explained in *Mattress Giant*,

> Rule 6(b)(1)(B)'s requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension. Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. Excusable neglect encompasses late filings that were due to mistake, inadvertence or carelessness and not to bad faith. Other

---

[2]On September 30, 2009 Friedman filed a motion for leave to file its answer and affirmative defenses to counterclaim. Counterplaintiffs filed an opposition response on October 9, 2009. The court need not reach the motion and response, which largely reiterate arguments presented in connection with counterplaintiffs' motion to strike. The court therefore denies Friedman's motion without prejudice as moot.

> factors that courts have considered in
> assessing whether to grant relief under the
> predecessor of Rule 6(b)(1)(B) is the length
> of the applicant's delay and the prejudice to
> other parties.

*Mattress Giant*, 2008 WL 898772, at *2 (citations, quotation marks, and brackets omitted). In *Mattress Giant* the court, in granting a Rule 6(b)(1)(B) extension based on excusable neglect, relied on the following. Five days before Henning's responsive pleading was due, his attorney contacted plaintiff's counsel to request an extension of time to answer. Although the conversation ended without an explicit agreement, Henning's counsel's efforts to secure an extension to answer demonstrated Henning's good faith. *Id.* Henning's counsel's assumption that he could file a late responsive pleading, without an explicit agreement to that effect, was careless, but it fell within the Rule 6(b)(1)(B) excusable neglect standard. *Id.* Additionally, the Clerk of Court entered a default against Henning before he was required to file a responsive pleading. This could also constitute excusable neglect because a premature entry of default might reasonably lead a defendant to believe that filing an answer would be futile until the entry of default was set aside. *Id.* Finally, the court held that the plaintiff would not suffer prejudice from filing an untimely responsive pleading because Henning's delay was short (he attempted to file a responsive pleading fewer than three weeks after the deadline had passed). *Id.*

- 3 -

In the present case, Friedman filed an answer 12 days after it was due, and before the Clerk of Court entered a default. As in *Mattress Giant*, counterplaintiffs have not been prejudiced by the timing of the filing. There is also a reasonable basis to find that Friedman delayed in filing a responsive pleading because of ongoing settlement discussions. While counterplaintiffs cite a district court opinion from another circuit for the premise that settlement negotiations are not considered excusable neglect for failing to file a responsive pleading, this not a *per se* rule. The decision essentially reflects one court's exercise of its broad discretion. Indeed, the intended elasticity of Rule 6(b)(1)(B) would be unduly restricted if courts were to hold categorically that mistaken reliance on settlement negotiations can never satisfy the excusable neglect standard. As noted above, excusable neglect is an equitable concept that necessarily takes account of all relevant circumstances, encompassing late filings that are due to mistake, inadvertence, or carelessness, and not to bad faith. A party's good faith but mistaken reliance on settlement negotiations to defer the expense and effort of filing an unnecessary responsive pleading can constitute excusable neglect in appropriate circumstances.

                                   *       *       *

       Accordingly,   the   court   treats   Friedman's   response   to
counterplaintiffs'  motion  to  strike  as  an  extension  motion  under
Rule   6(b)(1)(B)   and   grants   the   motion.   Counterplaintiffs'
September 25, 2009 motion to strike is therefore denied.

       **SO ORDERED.**

       October 19, 2009.


                                   _____
                                   SIDNEY A. FITZWATER
                                   CHIEF JUDGE

                                   – 5 –