IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRIEDMAN & FEIGER, L.L.P., §
     Plaintiff/Counter-Defendant, §
      §
vs. §
      §
ULOFTS LUBBOCK, LLC and §     CIVIL ACTION No. 3:09-CV-1384
LEONI PROPERTIES, INC., §
     Defendants/Counter-Plaintiffs, §
      §
vs. §
      §
ERNEST W. LEONARD, and §
MELISSA R. KINGSTON, §
     Third Party Defendants. §

### ULOFTS LUBBOCK, LLC and LEONI PROPERTIES, INC.'s
### MOTION TO DISMISS and SUBJECT THERETO, ITS
### SECOND AMENDED ANSWER and ORIGINAL COUNTERCLAIM

Defendants, ULofts Lubbock, LLC and Leoni Properties, Inc. (collectively, "ULOFTS")

files this, its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) and subject thereto,

its Second Amended Answer & Original Counterclaim, to Plaintiff/Counter-Defendant Friedman

& Feiger, L.L.P. ("F&F")'s First Amended Complaint, and respectfully states as follows:

### MOTION TO DISMISS

ULOFTS moves to dismiss on F&F's claims and causes of action pursuant to Federal

Rules of Civil Procedure 12(b)(6) because, as more fully explained below in ULOFTS' Brief in

Support, F&F's Complaint fails to state a claim upon which relief can be granted or is so vague

and ambiguous that ULOFTS cannot be reasonably required to frame a responsive pleading.

Specifically, F&F's fraud claim is vague and conclusory and does not meet the strict pleading

requirements of Rule 9(b). This claim is further barred by the application of the economic loss

rule. Further, F&F's claims are based upon a written contact and therefore Texas law does not

permit an alternative *quantum meruit* cause of action. Finally, F&F's claims for consequential

damages must be denied under Rule 12(b)(6) because F&F has failed to set forth any facts which would entitle it to recover consequential damages.

## BRIEF IN SUPPORT

### I.   BACKGROUND

1.   Plaintiff F&F filed its *First Amended Complaint* on October 26, 2009, joining the principals of ULOFTS to this suit and adding a claim of fraud against all Defendants generically.

2.   ULOFTS asks that a portion of F&F's claims be dismissed.  In the event the Court denies this *Motion to Dismiss,* Ulofts submits its answer to F&F's First Amended Complaint. Further, the Court's disposition of this *Motion to Dismiss* has no effect on Ulofts' Original Counterclaim, which is included herein.

### II.   ARGUMENT

3.   Federal Rule of Civil Procedure 12(b)(6) supplies the court with authority to dismiss a cause of action for failure of the pleading to state a claim upon which relief can be granted. Despite the "short and plain statement" authorized by Rule 8(a), to avoid dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### A.   Fraud

4.   In its *First Amended Complaint*, F&F has failed to state a claim for fraud that is "plausible on its face," and that is "[definite] enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509

F.3d 673, 675 (5th Cir. 2007). Instead, Count Four of the *First Amended Complaint* is overflowing with "conclusory allegations [and] legal conclusions masquerading as factual conclusions" which "will not suffice to prevent [the granting of] a motion to dismiss." *Fernandez-Montes*, 987 F.2d at 284.

5.      Furthermore, a Rule 12(b)(6) motion to dismiss an allegation of fraud must be considered in the context of the heightened special pleading standard established by Federal Rule of Civil Procedure 9(b). According to Rule 9(b), "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." To plead fraud with particularity, "Rule 9(b) requires that the Complaint state 'the who, what, when, and where' of each element of the alleged fraud." *Nazareth Int'l, Inc. v. J.C. Penney Corp.*, No. 3:04-CV-1265-M, 2005 U.S. Dist. LEXIS 14473 at *3 (N.D. Tex. July 19, 2005) (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 178 (5th Cir. 1997)). "In other words . . . a plaintiff must include the time, place and contents of the false representations, as well as the identity of the person making the representations and what [the defendant] obtained thereby." *Id.* at *3-4.

6.      A plaintiff must prove the following before it can recover for fraud: (1) The defendant made a representation to the plaintiff; (2) The representation was material; (3) The representation was false; (4) When the defendant made the representation, the defendant a) knew the representation was false, or b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) The defendant made the representation with the intent that the plaintiff act on it; (6) The plaintiff relied on the representation; and (7) The representation caused the plaintiff injury. *In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001).

7.      F&F did not plead its fraud claim with sufficient particularity to satisfy Rule 9(b) because it contains only vague and conclusory allegations instead of identifying the who, what, when, and where necessary to provide ULofts Lubbock and Leoni Properties with sufficient

information to formulate a defense. F&F has failed to allege specific facts that establish a fraud claim *for the specific conduct as to each defendant*.  Rather, F&F has made impermissibly broad, blanket statements pertaining to all defendants generally.

8.    F&F alleges that "Defendants requested F&F to perform valuable services and promised to pay for the same with no intention of fulfilling their promises" and that "Defendants made such promises [to pay] knowing that they would ultimately not pay F&F." *Plaintiff's First Amended Complaint* ¶ 34. However, F&F has provided no indication of the time, context and substance of such requests, by and to whom such requests were made, or any facts that would suggest that either ULofts Lubbock or Leoni Properties made explicit promises to pay or possessed specific intent to not pay F&F. Rather, F&F has strung together a series of disjointed generic allegations with no basis in fact. A court "will not strain to find inferences favorable to the plaintiffs and will not accept conclusory allegations, unwarranted deductions, or legal conclusions" in lieu of a legally cognizable claim. *Nazareth*, 2005 U.S. Dist. LEXIS 14473 at *5.

9.    Furthermore, Exhibits 1 and 2 of F&F's *First Amended Complaint* demonstrate that despite F&F's representation commencing in December of 2007, the first invoice alleged to have been unpaid was dated February 23, 2009, one month after the arbitration concluded.  *See F&F's First Amended Complaint*, Ex. 1, 2.  Up until February 23, 2009, ULOFTS had paid in full all invoices it received over the previous 14 months.  In order to prevail on a fraud claim, F&F must therefore show that ULOFTS, when entering into the fee agreement in December of 2007, had the present intent to not pay F&F.  That F&F cannot prove, and certainly has not been pled.

10.    "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.-5] at 12-91; *see*

*also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 419 (5th Cir. 2006). F&F has failed to sufficiently support any of the elements of its fraud claim with non-conclusory factual allegations related to ULofts Lubbock or Leoni Properties' conduct, and accordingly, this Court must dismiss F&F's fraud cause of action for failure to state a claim.

**B.**    **Economic Loss Rule**

11.    F&F's fraud claim must also be dismissed because it is barred by the economic loss rule. Texas courts have long recognized that "mere nonfeasance under a contract creates liability only for breach of contract." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996). Thus, "tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 815 (Tex. App.—Fort Worth 2006) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)). F&F has claimed a breach of contract, but has failed to demonstrate or even allege that it has sustained a loss beyond the economic loss associated with its unpaid fees. Thus, F&F's fraud claim must be dismissed for failure to state a claim because F&F cannot recover in tort for damages resulting from a breach of contract when it has made no allegation of independent injury.

12.    Although an initial reading of *Formosa* seems to exclude fraud from the scope of the economic loss rule because the Texas Supreme Court declined to apply the independent injury requirement to a fraudulent inducement claim, the Court subsequently corrected this misunderstanding in *R.E. Haase v. Glazner*. There, the Court stated "some of our language in [the *Formosa*] opinions suggests that there is no distinction between a claim for fraud and fraudulent inducement . . . [but] *Formosa Plastics* should not be construed to say that fraud and

fraudulent inducement are interchangeable with respect to the measure of damages that would be recoverable." *R.E. Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

13.     Subsequently, appellate courts have frequently made a distinction between fraud and fraudulent inducement claims, applying the economic loss rule to the former and declining to do so in the latter case. When a plaintiff asserts a claim for fraud and makes no allegation that it was fraudulently induced to enter into a contract, *Formosa* does not apply and it is proper for a court to apply the economic loss rule to bar the fraud claim. *Heil*, 191 S.W.3d at 816-819; *see also Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

14.     F&F's *First Amended Complaint* includes an allegation of fraud, but makes no claim of fraudulent inducement. All allegations of fraud asserted in F&F's *Complaint* arise out of ULOFTS' alleged breach of contract. Nowhere in its *Complaint* does F&F assert that it has sustained an independent injury separate and apart from its economic damages. Thus, F&F's fraud claim must be dismissed under Rule 12(b)(6) for failure to state a claim.

## C.     *Quantum Meruit*

15.     F&F's *quantum meruit* claim similarly fails.  Texas law prohibits the right of a party to pursue a *quantum meruit* claim when a valid contract exists. *Vortt Exploration v. Chevron U.S.A.*, 787 S.W.2d 942, 944 (Tex. 1990); *Harker Heights, Tex. v. Sun Meadows Land*, 830 S.W.2d 313, 318 (Tex. App.—Austin 1992, no writ).  If the delivery of services and materials, and payment for them, are governed by a valid contract, the action sounds in contract, not *quantum meruit. Id.*; *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988).  It is undisputed that a valid, binding contract exists between F&F and ULOFTS.  F&F's *quantum meruit* claim, therefore, fails.   Whether or not F&F properly performed under this contract, however, is the real issue to be determined by this Court.

D.     **Consequential Damages**

16.     Additionally, F&F's claim for consequential damages must also be dismissed under Rule 12(b)(6) because F&F has failed to set forth any facts which would entitle it to recover consequential damages. It is well established in Texas that a claimant can only recover damages that are a proximate cause of the injury sustained and to which the defendant has received fair notice. *Commonwealth of Mass. v. Davis*, 168 S.W.2d 216, 222 (Tex. 1942). Although uncertainty as to the amount of damages is not fatal to recovery, "lack of evidence as to the *fact of damage* will defeat recovery." *Davis v. Small Bus. Inv. Co.*, 535 S.W.2d 740, 743 (Tex. Civ. App.—Texarkana 1976) (emphasis in original). The plaintiff must plead sufficient facts to give the defendant fair and adequate notice of the damages sought. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896-97 (Tex. 2000).

17.     Consequential damages are those damages that result naturally, but not necessarily, from the defendant's wrongful act. *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997). Under Texas Rule of Civil Procedure 56, consequential or "special" damages must be specifically pleaded. Only those consequential damages foreseeable or contemplated by the defendant are compensable. *Anderson Development Corp. v. Coastal States, Etc.*, 543 S.W.2d 402, 405 (Tex. Civ. App.—Houston [14th Dist.] 1976).

18.     F&F has not pled any facts which put ULOFTS on notice as to the type of consequential damages F&F will seek. Thus, F&F's claim for consequential damages must be dismissed under Rule 12(b)(6).

III.     **CONCLUSION**

19.     Taking all of the *Amended Complaint*'s allegations as true, it fails to state claims for fraud, *quantum meruit* and compensatory damages upon which relief can be granted, and thus these causes of action must be dismissed.  While F&F makes conclusory statements in its

*Amended Complaint* regarding the fraud allegedly committed by ULOFTS and F&F's entitlement to consequential damages, these statements amount to little more than unsupported and unsupportable allegations without the requisite facts necessary to state a claim.  Similarly, as it is undisputed that a contract exists between the parties, F&F's *quantum meruit* claim must also fail. As a matter of law, F&F cannot prevail on its fraud or *quantum meruit* claims against ULOFTS or collect consequential damages based upon the thin factual assertions made in the *Amended Complaint*, which, even if taken as true, fail to support the alleged causes of action. Therefore, F&F's fraud and *quantum meruit* claims and request for consequential damages must be dismissed.

## SECOND AMENDED ANSWER AND ORIGINAL COUNTERCLAIM

### Admissions & Denials

1.      ULOFTS is without sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 1; thus it specifically denies the allegations contained in paragraph 1.

2.      ULOFTS admits the allegations in paragraph 2.

3.      ULOFTS admits the allegations in paragraph 3.

4.      ULOFTS is without sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 4; thus it specifically denies the allegations contained in paragraph 4.

5.      ULOFTS is without sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 5; thus it specifically denies the allegations contained in paragraph 5.

6.     ULOFTS admits the allegations in paragraph 6 to the extent that ULOFTS and F&F are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs, but specifically denies the remaining allegations contained in paragraph 6.

7.     ULOFTS admits the allegations in paragraph 7 to the extent that F&F represented ULOFTS, but specifically denies the remaining allegations contained in paragraph 7.

8.     ULOFTS admits the allegations in paragraph 8 to the extent that it owned a private student housing complex in Lubbock, Texas, hired Cage Construction Management as general contractor, and participated in an American Arbitration Association proceeding in which it was represented by F&F, but specifically denies the remaining allegations contained in paragraph 8.

9.     ULOFTS denies the allegations in paragraph 9.

10.    ULOFTS denies the allegations in paragraph 10.

11.    ULOFTS denies the allegations in paragraph 11.

12.    ULOFTS denies the allegations in paragraph 12.

13.    ULOFTS admits that F&F withdrew from pending cases and filed this action, that ULOFTS alleges F&F committed legal malpractice, and that there was a finding by the arbitrator that no evidence was presented as to the reasonableness of the damages, but specifically denies the remaining allegations contained in paragraph 13.

14.    ULOFTS denies the allegations in paragraph 14.

15.    ULOFTS denies the allegations in paragraph 15.

16.    ULOFTS denies the allegations in paragraph 16.

17.    ULOFTS reincorporates its previous answers with respect to paragraphs 1-16 above.

18.    ULOFTS denies the allegations in paragraph 18.

19.    ULOFTS denies the allegations in paragraph 19.

20.    ULOFTS denies the allegations in paragraph 20.

21.     ULOFTS reincorporates its previous answers with respect to paragraphs 1-20 above.

22.     ULOFTS denies the allegations in paragraph 22.

23.     ULOFTS is without sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 23; thus, it specifically denies the allegations contained in paragraph 23.

24.     ULOFTS denies the allegations in paragraph 24.

25.     ULOFTS denies the allegations in paragraph 25.

26.     ULOFTS reincorporates its previous answers with respect to paragraphs 1-25 above.

27.     ULOFTS denies the allegations in paragraph 27.

28.     ULOFTS denies the allegations in paragraph 28.

29.     ULOFTS notes that F&F did not provide a paragraph 29, but out of an abundance of caution denies any allegations in paragraph 29.

30.     ULOFTS notes that F&F did not provide a paragraph 30, but out of an abundance of caution denies any allegations in paragraph 30.

31.     ULOFTS notes that F&F did not provide a paragraph 31, but out of an abundance of caution denies any allegations in paragraph 31.

32.     ULOFTS notes that F&F did not provide a paragraph 32, but out of an abundance of caution denies any allegations in paragraph 32.

33.     ULOFTS reincorporates its previous answers with respect to paragraphs 1-32 above.

34.     ULOFTS denies the allegations in paragraph 34.

## **Affirmative Defenses**

35.     In light of the actions and/or omissions by F&F and its attorneys and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, ULOFTS pleads the affirmative defenses of accord and satisfaction; estoppel; failure of consideration; payment; release; unjust enrichment; waiver;

damages caused by plaintiffs; damages unreasonable and/or unnecessary; justification; unclean hands; and prior breach.

## Original Counterclaim

36.     Separately from the foregoing answer, defendant, ULOFTS, as counter-plaintiff, complains of F&F, Ernest W. Leonard, and Melissa R. Kingston, as counter-defendants, and for cause of action alleges the following by way of counterclaim.

37.     F&F, as counter-defendant, is a Limited Liability Partnership and has already appeared in this litigation.

38.     Ernest W. Leonard, is an individual resident of the State of Texas and has already appeared in this litigation.

39.     Melissa R. Kingston, is an individual resident of the State of Texas and has already appeared in this litigation.

40.     For purposes of this counterclaim, Ernest W. Leonard and Melissa R. Kingston will be collectively referred to as Counsel. Counsel were responsible for the provision of legal services to ULOFTS.

## Jurisdiction

41.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because F&F/Counsel and ULOFTS/LEONI are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## Count One- Legal Malpractice

42.     F&F and/or Counsel represented ULOFTS in an arbitration involving a construction dispute.  On May 8, 2009, the arbitrator found that F&F and/or Counsel had presented "no evidence of the reasonable cost of completion" during the arbitration proceeding, preventing ULOFTS from recovering any contractual damages.  *See* Exhibit A, *Final Award of Arbitrator* at

9-10. Under the circumstances of providing representation in the construction arbitration, F&F and/or Counsel were negligent by not exercising the appropriate degree of care, skill, and diligence.

43.    The representation by F&F and/or Counsel in the arbitration constituted legal malpractice.   Further, F&F's and/or Counsel's representation of ULOFTS in other related matters, including but not limited to lawsuits involving 84 Lumber Company, LP, Cage Construction and Management Co., BFI Waste Service of Texas, Inc., and Quality Ironworks, Inc., constituted legal malpractice.

44.    F&F's and/or Counsel's legal malpractice has caused and continues to cause ULOFTS damages, including attorneys' fees and costs associated with this action.

45.    The omissions and/or acts of F&F and/or Counsel should further result in a forfeiture of all fees asserted and/or previously received by F&F.

### Conditions Precedent

46.    Pursuant to Rule 9(c) of the Federal Rules of Civil Procedure, ULOFTS specifically and with particularity denies that "all conditions precedent have been performed or have occurred."   At a minimum, the following conditions precedent have not been performed or have not occurred: appropriate performance by F&F; adherence to an appropriate standard of care by F&F; reasonableness of the amounts sought; prior material default by F&F; failure of consideration; the receipt of a proper benefit by ULOFTS from any services performed by F&F; the performance of competent legal services by F&F for ULOFTS.

### Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant, ULOFTS requests that this Court dismiss F&F's causes of action for fraud and *quantum meruit* as well as its claims for consequential damages.   Further, ULOFTS requests that this Court render judgment that F&F

take nothing in this suit, dismiss F&F's suit with prejudice, award attorneys' fees and assess

costs against F&F, render judgment for ULOFTS against F&F and Counsel for damages,

attorney's fees and interest, and award ULOFTS any such other and further relief to which it

may be justly entitled.


Respectfully submitted,


**LANGLEY WEINSTEIN HAMEL LLP**


By:  /s/ Keith A. Langley
     Keith A. Langley
     State Bar No. 11919500
     901 Main Street, Suite 600
     Dallas, Texas 75202
     214-722-7160
     214-722-7161 (Facsimile)

**ATTORNEYS FOR ULOFTS LUBBOCK, LLC
AND LEONI PROPERTIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following counsel of record in the manner indicated below on the 11th day of November, 2009:

*Via ECF and Facsimile 972-788-2667*
Lawrence Friedman
FRIEDMAN & FEIGER, L.L.P.
5301 Spring Valley Road
Suite 200
Dallas, Texas 75254
Counsel for FRIEDMAN & FEIGER, L.L.P.

/s/ Keith A. Langley
Keith A. Langley