IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRIEDMAN & FEIGER, L.L.P.,<br>　　Plaintiff, | § § § |
| vs. | § § |
| ULOFTS LUBBOCK, LLC, et al.<br>　　Defendants/Counter-Plaintiffs, | § § § §　CIVIL ACTION No. 3:09-CV-1384 |
| vs. | § § |
| FRIEDMAN & FEIGER, L.L.P.,<br>　　Counter-Defendants, | § § § |
| and | § § |
| ERNEST W. LEONARD, and<br>MELISSA R. KINGSTON,<br>　　Third Party Defendants | § § § § |

**<u>ULOFTS LUBBOCK, LLC, ET AL'S RESPONSE TO
FRIEDMAN & FEIGER, L.L.P.'S EMERGENCY MOTION
TO SHOW CAUSE FOR CONTEMPT OF COURT</u>**

COME NOW Defendants ULofts Lubbock, LLC, Leoni Properties, Inc., and James Rudnick (collectively referred to as "Defendants"), in the above styled and numbered cause and file this *Response to Friedman & Feiger ("F&F"), L.L.P's Emergency Motion to Show Cause for Contempt of Court and Sanctions for Witness Tampering and Motion for Expedited Discovery on Same*, and would respectfully state as follows:

**I.
<u>SUMMARY</u>**

1.　F&F's Motion to Show Cause should be denied for two reasons:

(a)　The requested relief is not supported by *any* evidence. F&F alleges that Steven Leoni offered Tim Osborne a $50,000 success fee in exchange for favorable testimony. F&F further alleges that Leoni's lawyers had knowledge of such conduct. No evidence, however, was provided to this Court to support these allegations.

**(b)** More importantly, the evidence presented in this response, specifically the Affidavit of Timothy Osborne, shows that the allegations brought by F&F are incorrect.

## II.
## EVIDENCE

2. In support of this response, and in addition to all pleadings filed in this cause, Ulofts relies on the following evidence attached hereto and incorporated herein by reference:

**Exhibit "A"** Affidavit of Timothy Osborne ("Osborne Aff.")

## III.
## FACTUAL BACKGROUND

3. On November 20, 2009, Ulofts sent its expert designations to F&F, including the expert report drafted by Tim Osborne.

4. Despite Mr. Osborne serving as an expert witness for Ulofts, F&F approached Mr. Osborne and attempted to get Mr. Osborne to sign an affidavit containing false statements. Specifically, attorneys in Mr. Friedman's firm attempted to get Mr. Osborne to swear that "Steven Leoni promised to pay me a $50,000 bonus if I would agree to be an expert witness and if Ulofts Lubbock, L.L.C. and Leoni Properties, Inc. won their case against Friedman & Feiger, Melissa Kingston and Ernest Leonard."

5. Despite Mr. Osborne refusing to sign the affidavit, F&F filed the **<u>unsigned</u>** affidavit with this Court in support of its Emergency Motion to Show Cause.

6. At no time was Mr. Osborne offered any success or bonus fee for favorable testimony by any of the parties, including counsel. Osborne Aff. ¶ 2,3.

**ULOFTS LUBBOCK, LLC, ET AL'S RESPONSE TO FRIEDMAN & FEIGER, L.L.P.'S
EMERGENCY MOTION TO SHOW CAUSE FOR CONTEMPT OF COURT**                                    Page 2

s:\open clients\10104 ulofts\0004 - friedman\pleadings\ulofts' response to plaintiff's emergency motion to show cause v3.doc

## III.
## ARGUMENT AND AUTHORITIES

7. As set forth in the background section, F&F's sole allegation supporting his request for sanctions and emergency discovery is a misrepresentation. Whether F&F's motion is considered as a Motion to Compel Discovery or a Motion for Sanctions, neither is appropriate and both should be denied.

8. Awarding sanctions is an extraordinary measure appropriate only upon a showing that a party's actions were unwarranted or in bad faith. *Arnold v. Babbitt*, 2000 U.S. Dist. LEXIS 4409, *32-34 (N.D. Tex. Apr. 6, 2000). Here, however, the very "actions" made the basis of F&F's motion did not occur.

9. F&F's sole factual allegation serving as the basis for his motion is that "the Langley and their clients offered Osborne a $50,000 'success fee' for his favorable testimony in this case and another case." As set forth above, F&F offers no support for this claim, and it fails for that reason alone. But to further demonstrate the invalidity of this claim, attached as Exhibit A is a true and correct copy of the Affidavit of Timothy Osborne (which has actually been signed). This affidavit negates F&F's entire basis for his motion.

10. In his affidavit, Mr. Osborne states that "I was not offered a success or "bonus" fee for favorable testimony in any amount by anyone, including Steven Leoni, Jim Rudnick, Joe Jones, Keith Langley, Brigham McCown, Ryan Dry, or any other attorney at Langley Weinstein Hamel LLP or Broad & Cassel."

11. The **only** evidence before this Court is the signed affidavit of Tim Osborne. The very person alleged by F&F to have been offered this success fee, has sworn under oath that that did not happen. Absent extraordinary actions, motions for sanctions should be denied. *Id.* Without *any* evidence to support its false allegations, F&F's Motion must be denied.

**ULOFTS LUBBOCK, LLC, ET AL'S RESPONSE TO FRIEDMAN & FEIGER, L.L.P.'S EMERGENCY MOTION TO SHOW CAUSE FOR CONTEMPT OF COURT**   Page 3

s:\open clients\10104 ulofts\0004 - friedman\pleadings\ulofts' response to plaintiff's emergency motion to show cause v3.doc

## Request for Relief

Ulofts respectfully request that this Court deny all relief requested in Friedman and Feiger's Emergency Motion to Show Cause for Contempt of Court and grant Ulofts any further relief to which it may be justly entitled.

> Respectfully submitted,
>
> **LANGLEY WEINSTEIN HAMEL LLP**
>
> By: /s/ Keith A. Langley
> Keith A. Langley
> State Bar No. 11919500
> Brigham A. McCown
> State Bar No. 24037061
> 901 Main Street, Suite 600
> Dallas, Texas 75202
> 214-722-7160
> 214-722-7161 (Facsimile)
>
> ATTORNEYS FOR ULOFTS
> LUBBOCK, LLC, LEONI PROPERTIES,
> INC. AND JAMES RUDNICK

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, I electronically filed the attached Response with the Clerk of the Court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. Additionally, on this date we faxed a copy of this Response to Mr. Lawrence Friedman, Counsel for Friedman & Feiger, L.L.P.

*Via ECF & Facsimile: (972) 776-5313*
Lawrence Friedman
Friedman & Feiger, LLP
5301 Spring Valley Rd., Suite 200
Dallas, TX 75240

> */s/* Keith A. Langley
> Keith A. Langley

**ULOFTS LUBBOCK, LLC, ET AL'S RESPONSE TO FRIEDMAN & FEIGER, L.L.P.'S EMERGENCY MOTION TO SHOW CAUSE FOR CONTEMPT OF COURT**   Page 4

s:\open clients\10104 ulofts\0004 - friedman\pleadings\ulofts' response to plaintiff's emergency motion to show cause v3.doc